IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> Y.STERN ENGINEERING (1989) LTD., A/K/A STERN ENGINEERING LTD., A/K/A STERN ENGINEERING 1989, A/K/A STERN FAUCETS, an Israeli Corporation, BARANTEC, INC., a Delaware Corporation, and DOES 1-9, <br><br> Defendants. | C.A. No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick" or "Plaintiff") through its undersigned counsel, brings this action against Defendants Y.Stern Engineering (1989) Ltd., A/K/A Stern Engineering Ltd., A/K/A Stern Engineering 1989, A/K/A Stern Faucets, an Israeli Corporation ("Stern"), Barantec, Inc. ("Barantec"), and DOES 1-9 (collectively "Defendants"). In support of the Complaint, Bobrick alleges as follows:

## THE PARTIES

1. Plaintiff Bobrick is a California corporation headquartered in North Hollywood, California. Bobrick is recognized as an industry leader in well-designed, value-oriented washroom accessories and toilet partitions. Some of the world's most renowned companies and institutions rely on Bobrick solutions to reinforce their brand, reduce long-term operating costs and position their organizations for a successful future.

2. On information and belief, Stern is an Israeli corporation with its headquarters

in Israel.

3. On information and belief, Barantec is a Delaware corporation with offices in New Jersey.

4. On information and belief, Stern and Barantec are related companies and share a common majority owner.

5. Out of an abundance of caution, to the extent Bobrick has not named all of the responsible corporate entities or individuals, Bobrick also asserts claims against DOES 1-9.

## JURISDICTION AND VENUE

6. This is an action for patent infringement pursuant to 35 U.S.C. § 271 *et seq*. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because, on information and belief, they have conducted and continue to conduct substantial business in Delaware.

8. On information and belief, Defendants offer numerous products for sale in Delaware including but not limited to, faucets, soap dispensers, hand dryers, touchless cubicles, mirror and wash stations, flush valves, shower controls, shower panels, shower heads, infrared sensors, piezo switches, solenoid valves, and related accessories and components.

9. On information and belief, Defendants, directly and through subsidiaries and/or intermediaries (including distributors, retailers, and other agents), have committed and continue to commit acts of patent infringement and/or contributed to or induced acts of patent infringement by others in Delaware and the United States.

10. On information and belief, Defendants have annual sales of products in the U.S. totaling nearly $37 million annually.

11. On information and belief and based on representations made by outside counsel for Barantec, Barantec sells and offers for sale the Lotus Topfill dispensers identified by at least product number 230850 (the "Accused Products") in the United States.

12. On information and belief, Stern sells and offers for sale the Accused Products in the U.S.

13. Stern also directly warrants to its U.S. purchasers of the Accused Products that Stern's "electronic products will be free of defects in material and workmanship during normal use for two years from the date the product is purchased."

14. Stern also directly warrants to its U.S. purchasers of the Accused Products that if any U.S. customer finds a defect in normal use, "Y. Stern Engineering Ltd. will, at its discretion, repair provide a replacement part or product, or make appropriate adjustments."

15. Stern affirmatively represents to U.S. customers of the Accused Products that it has business operations in the United States.

16. Stern offers a dedicated email address for U.S. customers to contact Stern directly: "USA: sternusa@sternfaucets.com."

17. Stern attends and offers its products, including the Accused Products, at trade shows in the U.S., including recently at the 2024 Boutique Design New York (BDNY), a trade show for boutique design and where hotel designers and architects connect with suppliers. *See* Exhibits E-G.

18. Stern also directly advertises, offers, and promotes the Accused Products in the U.S. via its Stern Engineering YouTube channel. *See*, e.g. https://www.youtube.com/watch?v=0GDJelVUe_w, a screenshot of which is attached as Exhibit H.

19. On information and belief, Stern's direct sales representatives are located in the U.S. For example, John Umbach represents on his LinkedIn page that he is National Sales Director at Stern Engineering, Ltd., that he "[l]ead[s] all sales activities in the US for Stern Engineering products," and that he is situated in the United States.

20. As such, on information and belief, Defendants purposefully availed themselves of the privilege of conducting business within this District and the United States; have established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being haled into court in this District; have purposefully directed activities at residents of Delaware and the United States; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

21. Venue is proper in this Court under at least 28 U.S.C. §§ 1391(b)(2) and 1391(c)(3), because a substantial part of the acts or omissions giving rise to the claim, including Defendants' acts of infringement, have occurred in Delaware.

22. Barantec is a Delaware corporation and therefore resides in Delaware pursuant to 28 U.S.C. § 1400(b). Further, on information and belief, Stern is incorporated and headquartered in Israel. Section 1400(b) is not applicable to a foreign corporation. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972); *In re HTC Corporation*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

## FACTUAL BACKGROUND AND NATURE OF ACTION

23. This is a civil action by Bobrick against Defendants to stop their infringement of at least independent claims 14 and 45, and dependent claims 16, 17 and 18, of its U.S. Patent No. 8,579,157 ("the '157 Patent").

24. Since 1906, Bobrick has been developing and continues to develop various technologies relating to washroom accessories, including an extensive selection of handwashing technologies such as fluid dispensers.

25. The '157 Patent, titled "AUTOMATED FLUID DISPENSER," was duly issued by the United States Patent and Trademark Office ("USPTO") on November 12, 2013. A true and correct copy of the '157 Patent is attached as Exhibit A.

26. Bobrick owns by assignment the entire right, title, and interest in and to the '157 Patent. As the owner of the entire right, title, and interest in and to the '157 Patent, Bobrick possesses the right to sue and to recover for infringement of the '157 Patent.

27. The '157 Patent is directed to a fluid dispenser.

28. Bobrick has been selling and continues to sell several products embodying the invention of the '157 Patent, including, inter alia, fluid dispensers such as its line of Counter-Mounted Automatic Top-Fill Liquid and Foam Soap Dispensers and the Counter-Mounted Automatic Designer Series™ Top-Fill Liquid and Foam Soap Dispensers.

29. The '157 Patent includes 47 claims, including independent claims 14 and 45, and dependent claims 16, 17 and 18 which depend directly and/or indirectly on independent claim 14. Independent claim 14 of the '157 Patent recites:

> a fluid dispenser comprising:
>
> a reservoir;
>
> a neck extending from the reservoir defining a conduit therethrough leading to said reservoir; and
>
> a spout extending from the neck, said spout comprising a lid and an outlet, wherein the lid is moveable for providing access to said conduit for filling said reservoir with a fluid, wherein the dispenser is mounted to a surface and wherein the spout is above the surface, the reservoir is below the surface, and the neck penetrates the surface.

30. Independent claim 45 of the '157 Patent recites:

> fluid dispenser comprising:
>
> a reservoir for storing the fluid to be dispensed;
>
> an outlet for dispensing the fluid there-through;
>
> a pump for pumping the fluid to the outlet;
>
> a neck extending from the reservoir defining a conduit in communication with said reservoir, the neck comprising
>
> a threaded outer surface;
>
> a cap threaded to the reservoir and coupling the neck to the reservoir, and
>
> a spout extending from the neck comprising a lid defining a surface of said spout, wherein the lid is moveable for providing access to said conduit, and wherein said reservoir is fillable through said conduit.

31. Defendants are currently making, using, importing, offering for sale, and/or selling fluid dispensers, which they market as their Lotus Soap Dispenser Series, that infringe the '157 Patent, including at least the Accused Products. Defendants' website at https://sternfaucets.com/lotus-topfill-automatic-soap-dispenser/, a true and correct copy of which is attached hereto as Exhibit B, shows and describes the Accused Products.

32. Defendants' fluid dispensers, including at least those identified by the product number 230850, each have, either literally or under the doctrine of equivalents, all the elements of at least claims 14, 16, 17, 18, and 45 of the '157 Patent as described in the chart attached hereto as Exhibit C and as follows:

> (i) Defendants describe the Accused Products on their website as a "deck mounted automatic soap dispenser." The Accused Products are liquid soap dispensers that are mounted to a surface;
>
> (ii) The Accused Products have a reservoir, including a neck extending from the reservoir defining a conduit there-through leading to the reservoir;
>
> (iii) The spout of the Accused Products includes a lid and an outlet, wherein the lid can be removably attached to the spout, to provide

access to the conduit defined by the neck extending from the reservoir;

(iv) When the Accused Products are mounted to a surface, the spout is above the surface, the reservoir is below the surface, and the neck penetrates the surface;

(v) The lid of the Accused Products defines an upper surface of the spout;

(vi) The Accused Products include a pump for pumping fluid to the outlet; and

(vii) The neck of the Accused Products includes a threaded outer surface and a cap, the cap being threaded to the reservoir of the Accused Products and coupling the reservoir to the neck.

33. Accordingly, Defendants have infringed, and continue to infringe, at least claims 14, 16, 17, 18, and 45 of the '157 Patent by making, using, importing, offering for sale, and/or selling the Accused Products, which embody all of the features of at least claims 14, 16, 17, 18, and 45 of the '157 Patent.

34. Bobrick contacted Defendants on November 21, 2024, informing them of Bobrick's patent rights in the '157 Patent. A true and correct copy of the November 21, 2024, letter is attached hereto as Exhibit D. Since being put on notice of the '157 Patent, Defendants have not ceased offering for sale or selling the Accused Products.

## CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 8,579,157)

35. Bobrick incorporates and re-alleges Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The USPTO duly issued the '157 Patent on May 20, 2008.

37. The '157 Patent is valid and enforceable.

38. Defendants have infringed and are infringing at least claims 14, 16, 17, 18, and 45 of the '157 Patent, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling in the United States the Accused Products.

39. Defendants' infringement of the '157 Patent has injured Plaintiff, and Bobrick is entitled to recover damages adequate to compensate it for Defendants' infringement, which in no event can be less than a reasonable royalty.

40. Upon information and belief, Defendants' infringement was and is willful because Defendants have knowledge of an objectively high likelihood that their actions constituted infringement of a valid patent, and Defendants knew or should have known of such risk when they infringed, and continue to knowingly infringe, the '157 Patent.

41. Defendants were put on actual notice of the '157 Patent at least by November 21, 2024 and continue to make, use, import, offer for sale, and sell the Accused Products. Such infringement is therefore willful.

42. Pursuant to 35 U.S.C. § 284, the Court should award Bobrick treble damages as a result of Defendants' willful infringement.

43. Accordingly, pursuant to 35 U.S.C. § 285, Bobrick is entitled to recover from Defendants its reasonable attorneys' fees and costs incurred in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Bobrick respectfully requests that this Court enter judgment as follows:

1. That Defendants have infringed and are currently infringing the '157 Patent;

2. That Defendants' infringement of the '157 Patent has been willful;

3. Entry of a nationwide permanent injunction against further infringement of the '157 Patent;

4.      An award of damages adequate to compensate Bobrick for Defendants' infringement of the '157 Patent, including pre-judgment interest and costs;

5.      An Order requiring Defendants to account for and pay to Bobrick any and all profits made by Defendants from their sales of the Accused Products pursuant to 35 U.S.C. § 289;

6.      An award of all other damages permitted by 35 U.S.C. § 284;

7.      A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to Bobrick of its costs and reasonable attorneys' fees incurred in this action; and

8.      Such other relief as this Court deems just and proper.

Dated: March 27, 2025

*Of Counsel:* (*pro hac vice* to be filed)

G. Warren Bleeker
Kyle W. Kellar
WOMBLE BOND DICKINSON (US) LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203
Telephone: (626) 795-9900
Warren.Bleeker@wbd-us.com
Kyle.Kellar@wbd-us.com

*/s/ Daniel M. Attaway*
Daniel M. Attaway (#5130)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Daniel.Attaway@wbd-us.com

*Counsel for Plaintiff
Bobrick Washroom Equipment, Inc.*