IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> Y.STERN ENGINEERING (1989) LTD., A/K/A STERN ENGINEERING LTD., A/K/A STERN ENGINEERING 1989, A/K/A STERN FAUCETS, an Israeli Corporation, BARANTEC, INC., a Delaware Corporation, and DOES 1-9, <br><br> Defendants. | C.A. No. 1:25-cv-00376-JLH <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT STERN ENGINEERING'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Dated: June 9, 2025

OF COUNSEL:

Adam P. Samansky
Peter J. Cuomo
Amanda R. Metell
**MINTZ LEVIN COHN FERRIS
    GLOVSKY & POPEO PC**
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
apsamansky@mintz.com
pjcuomo@mintz.com
ametell@mintz.com

**CHIPMAN BROWN CICERO & COLE, LLP**
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com

*Attorneys for Defendants Y.Stern Engineering (1989) Ltd., a/k/a Stern Engineering Ltd., a/k/a Stern Engineering 1989, a/k/a Stern Faucets, and Barantec, Inc.*

**TABLE OF CONTENTS**

Page

SUMMARY OF ARGUMENT ..................................................................................................1

BACKGROUND ..........................................................................................................................2

    A.    Stern Engineering's Locations and Activities..........................................................2

    B.    Plaintiff's First Filed Complaint in the Central District of California....................3

    C.    Plaintiff's Conclusory Allegations Regarding Personal Jurisdiction.......................4

LEGAL STANDARD...................................................................................................................5

    A.    General and Specific Jurisdiction ...........................................................................5

    B.    Federal Rule of Civil Procedure 4(k)(2) .................................................................8

ARGUMENT.................................................................................................................................9

    I.    DELAWARE'S LONG-ARM STATUTE AND THE DUE PROCESS CLAUSE DO NOT CONFER JURISDICTION OVER STERN ENGINEERING ............................................................................................................9

        A.    This Court Lacks General Jurisdiction over Stern Engineering ..................9

        B.    This Court Lacks Specific Jurisdiction over Stern Engineering................10

    II.    RULE 4(K)(2) DOES NOT PROVIDE AN ALTERNATIVE BASIS OF JURISDICTION OVER STERN ENGINEERING...............................................12

    III.    THE COURT SHOULD DENY ANY REQUEST FOR JURISDICTIONAL DISCOVERY...................................................................................................14

CONCLUSION............................................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
   689 F.3d 1358 (Fed. Cir. 2012) ....................................................................................... 5, 10

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
   772 F. Supp. 1458 (D. Del. 1991)....................................................................................... 8, 9

*Arunachalam v. Int'l Bus. Machs. Corp.*,
   2021 WL 7209362 (D. Del. Dec. 29, 2021) ..................................................................... 5, 12

*Baden Sports, Inc. v. Molten*,
   2008 U.S. Dist. LEXIS 119688 (W.D. Wash. Jan. 29, 2008)................................................ 11

*Boston Scientific Corp. v. Micro-Tech Endoscopy USA, Inc.*,
   2020 U.S. Dist. LEXIS 7330 (D. Del. Jan. 15, 2020)............................................................ 13

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*,
   137 S. Ct. 1773 (2017).......................................................................................................... 10

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)............................................. 7, 8, 10

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
   395 F.3d 1315 (Fed. Cir. 2005) .............................................................................................. 7

*Daimler AG v. Bauman*,
   571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)............................................. 7, 9, 10

*Devicor Medical Products, Inc. v. Biopsy Sciences, LLC*,
   2013 U.S. Dist. LEXIS 16537 (D. Del. Feb. 7, 2013)............................................................. 7

*E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*,
   335 F. Supp. 3d 657 (D. Del. 2018)................................................................................. 6, 10

*Elecs. for Imaging, Inc. v. Coyle*,
   340 F.3d 1344 (Fed. Cir. 2003) ........................................................................................ 5, 13

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
   623 F.3d 147 (3d Cir. 2010) ................................................................................................. 14

*Gallup, Inc. v. Bus. Research Bureau (Pvt.) Ltd.*,
   688 F. Supp. 2d 915 (N.D. Cal. 2010).................................................................................. 11

**Page(s)**

*Genzyme Corp. v. Novartis Gene Therapies, Inc.*,
   2023 U.S. Dist. LEXIS 23669 (D. Del. Feb. 13, 2023) ............................................................ 5

*In re Asbestos Litig.*,
   2017 WL 4062249 (D. Del. Sept. 14, 2017) ............................................................................. 6

*inno360, Inc. v. Zakta, LLC*,
   50 F. Supp. 3d 587 (D. Del. 2014) .................................................................................... 8, 14

*LivePerson, Inc. v. NextCard, LLC*,
   2009 WL 742617 (D. Del. 2009) .......................................................................................... 14

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) .................................................................................................. 11

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012) ............................................................................................. 13

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*,
   890 F.3d 995 (Fed Cir. 2018) ............................................................................................ 8, 12

*M2M Sols. LLC v. Simcom Wireless Sols. Co., Ltd.*,
   935 F. Supp. 2d 740 (D. Del. 2013) ........................................................................................ 5

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
   263 F. Supp. 3d 498 (D. Del. 2017) ........................................................................................ 7

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ............................................................................................... 11

*Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d Cir. 1987) .................................................................................................... 5

*Reach & Assocs., P.C. v. Dencer*,
   269 F. Supp. 2d 497 (D. Del. 2003) ........................................................................................ 6

*Round Rock Resch. LLC v. ASUSTeK Comput. Inc.*,
   967 F. Supp. 2d 969 (D. Del. 2013) ........................................................................................ 6

*Sound N Light Animatronics Co. v. Cloud b, Inc.*,
   2016 U.S. Dist. LEXIS 167982 (C.D. Cal. Nov. 10, 2016) ................................................... 11

*Synthes (U.S.A.) v. G.M. Dos Resi Jr. Ind. Com de Equip. Medico*,
   563 F.3d 1285 (Fed. Cir. 2009) ......................................................................................... 8, 12

*Telcordia Techs., Inc. v. Alcatel S.A.*,
   2005 WL 1268061 (D. Del. May 27, 2005) ........................................................................... 8

**Page(s)**

*Time Share Vacation Club v. Atl. Resorts Ltd.*,
  735 F.2d 61 (3d Cir. 1984) ................................................................................................. 5

*TriDinetworks Ltd. v. NXP USA, Inc.*,
  2020 WL 2220152 (D. Del. May 7, 2020) ......................................................................... 12

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
  395 F.3d 1275 (Fed. Cir. 2005) .......................................................................................... 7

*Walden v. Fiore*,
  571 U.S. 277 (2014) .................................................................................................... 10, 11

**Statutes and Rules**

10 *Del. C.* § 3104 .................................................................................................................... 7

Federal Rule of Civil Procedure 4(k)(2)8 .................................................................... 2, 8, 13

Federal Rule of Civil Procedure 12(b)(2) ...................................................................... 1, 5, 14

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and Local Rule 7.1.2, Defendant Y.Stern Engineering (1989) Ltd., a/k/a Stern Engineering Ltd., a/k/a Stern Engineering 1989, a/k/a Stern Faucets, an Israeli Corporation ("Stern Engineering") hereby moves this Court to dismiss the Complaint (D.I. 1, hereinafter the "Complaint") of Plaintiff Bobrick Washroom Equipment Inc. ("Plaintiff") as to Defendant Stern Engineering for lack of personal jurisdiction.

## SUMMARY OF ARGUMENT

This case should be dismissed as to Stern Engineering under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

First, the Court lacks general jurisdiction over Stern Engineering. Stern Engineering is an Israeli corporation that maintains its principal place of business inIsrael. Plaintiff has not alleged specific facts or exceptional circumstances that would warrant exercising general jurisdiction over Stern Engineering, as it is manifestly not "at home" in Delaware.

Second, the Court lacks specific jurisdiction over Stern Engineering. The Complaint contains no factual allegations of contacts between Stern Engineering and Delaware related to Plaintiff's causes of action. In fact, the Complaint only alleges contacts between Stern Engineering and the state of New York. Additionally, in a voluntarily dismissed complaint filed in the Central District of California, Plaintiff contended that Stern Engineering "have conducted and continue to conduct substantial business in the State of California." Ex. 1[1] (D.I. 1 in Case No. 2:25-cv-00971 ("California Complaint"). While Plaintiff asserts, in conclusory fashion, that Stern Engineering (on information and belief) "have conducted and continue to conduct substantial business in Delaware" (Complaint ¶ 7), Plaintiff comes forward with no supporting facts . Moreover, Plaintiff

---

[1] All references to "Ex." refer to the exhibits to the Declaration of Peter J. Cuomo in Support of Stern Engineering's Motion to Dismiss, filed concurrently with this motion.

states that Stern Engineering "offer[s] numerous products for sale in Delaware," but Plaintiff fails to identify any of Stern Engineering's products for sale in Delaware, allege facts surrounding any alleged sale or offer for sale, or even allege that such products are the Accused Products and if not, how such other products relate to the claim of infringement alleged in the Complaint. Complaint ¶ 8. Plaintiff even attached a pre-litigation letter sent to Stern Engineering by the Plaintiff as an exhibit to the Complaint which states, "It has come to our attention that [Stern Engineering] has been selling the Lotus Top Fill Soap Dispenser…in the United States." Complaint at Exhibit D. Nowhere in this letter is Delaware even mentioned. *Id.* Such bare and conclusory pleadings are insufficient to establish specific jurisdiction as a matter of law.

The reason for the dearth of factual allegations is simple. There are no such facts to allege. Stern Engineering has not, and does not now, sell the Accused Products in Delaware (or elsewhere in the United States). The Accused Products are offered for sale, sold and imported into the United States solely and exclusively by defendant Barantec, Inc.

Third, this Court lacks jurisdiction over Stern Engineering under Federal Rule of Civil Procedure 4(k)(2). Expanding the jurisdictional question from Delaware to the United States under the federal long-arm statute does not change the outcome as to Stern Engineering because Plaintiff alleged in its various pleadings that Stern Engineering is subject to general and specific jurisdiction in at least two different states: New York and California.

## BACKGROUND

A.   **Stern Engineering's Locations and Activities**

Stern Engineering is an Israeli corporation with a principal place of business in Israel. *See* Complaint ¶ 2. The Complaint does not allege that Stern Engineering has any offices, manufacturing plants, research facilities, or personnel in Delaware. And the Complaint does not

2

allege any specific purported infringing activities by Stern Engineering, *e.g.*, the manufacture and sale of the Lotus Soap Dispenser Series specifically within Delaware.

Nor could the Complaint contain such allegations. As explained in the Declaration of Yuval Stern, filed concurrently with this memorandum, Stern Engineering does not maintain any offices, manufacturing plants, research facilities, personnel, post office boxes, mailing addresses, or telephone listings in Delaware. Declaration of Yuval Stern ("Stern Decl.") ¶ 5. Stern Engineering also does not have any employees, sales representatives, or distributors located within Delaware. *Id.* at ¶ 6. Stern Engineering is not registered to conduct business in Delaware, does not maintain a registered agent for general service of process in Delaware or pay taxes in Delaware. *Id.* at ¶¶ 3, 4, 8. Neither Stern Engineering's website, nor its YouTube channel or other social media, provides functionality that would allow for the purchase of the Accused Product in Delaware or otherwise in the United States. *Id.* at ¶ 10. Stern Engineering has not manufactured, sold, offered for sale or imported any Accused Product in or into Delaware (or the United States). *Id.* at ¶¶ 9, 11. All manufacturing of the Accused Product takes place outside of Delaware and the United States, and all of the Accused Products sold, offered for sale or imported were by Barantec, Inc., not Stern Engineering. *Id.*

B.   **Plaintiff's First Filed Complaint in the Central District of California**

On February 4, 2025, Plaintiff filed a complaint against Stern Engineering in the Central District of California. California Complaint. Again, in this complaint, Plaintiff concedes that Stern Engineering is an Israeli corporation, headquartered in Israel. California Complaint ¶ 2. And like Plaintiff's complaint in this current case, the California Complaint contains the same conclusory statement: "on information and belief, [Stern Engineering] have conducted and continue to conduct substantial business in the State of California." California Complaint ¶ 5. To support this statement, Plaintiff only states that Stern Engineering's "Sales Support Manager resides and works from

3

Thousand Oaks, CA…[and Stern Engineering] seek[s] to hire a sales manager for its Southern California territory." California Complaint ¶ 8. Prior to Stern Engineering filing any answer to this complaint, Plaintiff voluntarily dismissed this complaint in the Central District of California and subsequently filed the Complaint in this District. Ex. 2 (D.I. 8 in Case No. 2:25-cv-00971 ("California Voluntary Dismissal")).

### C.  Plaintiff's Conclusory Allegations Regarding Personal Jurisdiction

Plaintiff's Complaint contains only 3 paragraphs–Paragraphs 7-9–that purport to support this Court's exercise of personal jurisdiction over Stern Engineering. And these paragraphs are entirely conclusory, containing only boilerplate language, with no specific reference to any Stern Engineering activity within the state of Delaware. Plaintiff's threadbare and conclusory allegations recite only that:

> This Court has personal jurisdiction over Defendants because, on information and belief, they have conducted and continue to conduct substantial business in Delaware….Defendants offer numerous products for sale in Delaware….Defendants, directly and through subsidiaries and/or intermediaries (including distributors, retailers, and other agents), have committed and continue to commit acts of patent infringement and/or contributed to or induced acts of patent infringement by others in Delaware and the United States.

Complaint ¶¶ 7-9. Nowhere in the Complaint does Plaintiff allege any specific infringing activities by Stern Engineering to support personal jurisdiction in Delaware. In fact, Plaintiff only alleges specific activities by Stern Engineering in another state, New York. Complaint ¶ 17 ("Stern attends and offers its products, including the Accused Products, at trade shows in the U.S., including recently at the 2024 Boutique Design New York (BDNY), a trade show for boutique design and where hotel designers and architects connect with suppliers."); *see also* Complaint at Exhibits E-G.

There are simply no allegations in the Complaint that even suggest any specific contacts between Stern Engineering and Delaware.

4

## **LEGAL STANDARD**

### A.     General and Specific Jurisdiction

When a defendant challenges personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *see, e.g.*, *Arunachalam v. Int'l Bus. Machs. Corp.*, 2021 WL 7209362, at *8 (D. Del. Dec. 29, 2021). Under controlling Federal Circuit law,

> where the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction. In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiffs complaint as true and resolve any factual conflicts in the affidavits in the plaintiffs favor.

*Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citations omitted).

However, to meet that standard, a plaintiff is required to provide more than "bare formulaic accusation[s]," *M2M Sols. LLC v. Simcom Wireless Sols. Co., Ltd.*, 935 F. Supp. 2d 740, 744 (D. Del. 2013), and "conclusory statement[s]," *Time Share Vacation Club v. Atl. Resorts Ltd.*, 735 F.2d 61, 65 (3d Cir. 1984); *see also*, *e.g.*, *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, 2023 U.S. Dist. LEXIS 23669 (D. Del. Feb. 13, 2023) (granting motion to dismiss for lack of personal jurisdiction where, "Plaintiffs' argument for general jurisdiction is little more than a conclusory statement of the legal standard"); *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (affirming district court's dismissal for lack of personal jurisdiction where, "[a]s the district court aptly observed, [the] complaint represents nothing more than 'bare formulaic accusation' that the defendants maintain sufficient contacts with [the forum state]"); *Arunachalam*, 2021 WL 7209362, at *8 (granting motion to dismiss for lack of personal jurisdiction where, "[i]n response to Defendants' motions, Plaintiff did not present any competent evidence to meet her

5

burden of showing that this Court has personal jurisdiction," "[h]er arguments [were] not supported by facts in the Amended Complaint or by the law she relies upon, and her allegations [were] conclusory"); *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 672 (D. Del. 2018) (rejecting "assertions" offered in support of jurisdiction as "mere conclusions"); *In re Asbestos Litig.*, 2017 WL 4062249, at *3 (D. Del. Sept. 14, 2017) (rejecting "statement [as] conclusory and fall[ing] short of demonstrating either specific or general jurisdiction that comports with due process"; "[a]lthough a court must accept as true all allegations of fact made by plaintiff and resolve all factual disputes in plaintiff's favor, plaintiffs may not simply rely on conclusory statements made in the bare pleadings"); *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003) ("Plaintiffs' recitation of the standard for the Delaware long-arm statute in their Complaint, without any factual specificity as to the acts that support such an allegation, is not sufficient to confer jurisdiction under Subsection (c)(4) of the Delaware long-arm statute.").

In the absence of consent to personal jurisdiction, this Court generally applies a two-part analysis in determining the issue of personal jurisdiction over a nonresident defendant. *Round Rock Resch. LLC v. ASUSTeK Comput. Inc.*, 967 F. Supp. 2d 969, 973 (D. Del. 2013). First, the Court must determine if Delaware's long-arm statute permits the exercise of personal jurisdiction. *Id.* Second, the Court must determine if subjecting the nonresident defendant to jurisdiction in Delaware comports with the Due Process Clause of the Fourteenth Amendment. *Id.*

The Delaware long-arm statute reads, in relevant part:

> (c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> > (1) Transacts any business or performs any character of work or service in the State;
> > (2) Contracts to supply services or things in this State;

6

> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

10 *Del. C.* § 3104. Section 3104(c)(4) has been interpreted to confer general personal jurisdiction, while § 3104(c)(1-3) have been interpreted as forms of specific personal jurisdiction. *Devicor Medical Products, Inc. v. Biopsy Sciences, LLC*, 2013 U.S. Dist. LEXIS 16537, 2013 WL 486638, at *5 (D. Del. Feb. 7, 2013). General jurisdiction occurs where a defendant's contacts with a state are "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (citation omitted). Specific jurisdiction occurs when a defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (citation omitted).

Where "the reach of the state long-arm statute is the same as the limits of the due process clause, … the state limitation collapses into the due process requirement." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005) (internal quotations omitted). But "'Delaware law is ... unclear as to whether or not the long arm statute is coextensive with the due process clause,' and whether separate analyses are required." *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 502 n.2 (D. Del. 2017) (quoting *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1322 (Fed. Cir. 2005)).

As to this inquiry, due process requires that Plaintiff establish either (1) general jurisdiction, which requires that Stern Engineering has "continuous and systematic contacts" with Delaware, or (2) specific jurisdiction, which requires that Plaintiff's "cause of action must have

7

arisen from [Stern Engineering's] activities" in Delaware. *See inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 593 (D. Del. 2014) (citing *Burger King*, 471 U.S. at 472 and *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1470 (D. Del. 1991)).

### B.     Federal Rule of Civil Procedure 4(k)(2)

Under Federal Rule of Civil Procedure 4(k)(2), for claims arising under federal law, if a defendant is not subject to jurisdiction in any state's courts of general jurisdiction, a federal court may have jurisdiction if the constitutional requirements for due process are satisfied with respect to the United States as a whole:

> Rule 4(k)(2) allows a court to exercise personal jurisdiction over a defendant if (1) the plaintiffs claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process. The third requirement under Rule 4(k)(2)— the due process analysis—contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits.

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed Cir. 2018) (citations omitted).

In cases involving a foreign defendant, such as Stern Engineering, Federal Rule of Civil Procedure 4(k)(2) provides an alternative basis for personal jurisdiction that contemplates a defendant's activities within the entire United States as a whole, versus in the state in which the defendant was sued. *Synthes (U.S.A.) v. G.M. Dos Resi Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009). Essentially, under Rule 4(k)(2), this Court may exercise personal jurisdiction if (1) Plaintiff's claims arise under federal law, (2) Stern Engineering ***lacks sufficient contacts with any state*** to subject it to personal jurisdiction, and (3) Stern Engineering has sufficient contacts with the United States as a whole to satisfy due process. *See Telcordia Techs., Inc. v. Alcatel S.A.*, 2005 WL 1268061, at *4 (D. Del. May 27, 2005).

8

**ARGUMENT**

I. **DELAWARE'S LONG-ARM STATUTE AND THE DUE PROCESS CLAUSE DO NOT CONFER JURISDICTION OVER STERN ENGINEERING**

The Complaint's conclusory and boilerplate recitations of Delaware's long-arm statute are inadequate to establish either general jurisdiction or specific jurisdiction over Stern Engineering.[2]

A. **This Court Lacks General Jurisdiction over Stern Engineering**

General jurisdiction allows the court to hear "any and all claims against [the defendant], wherever in the world the claims may arise." *Daimler*, 571 U.S. at 121. General jurisdiction exists only when a defendant's affiliations with a forum are so "continuous and systematic as to render it essentially at home in the forum." *Id.* at 139 (citations omitted); *Applied Biosystems*, 772 F. Supp. at 1470 (D. Del. 1991) (citations omitted). Absent "exceptional" circumstances, a corporation is "at home" only in its place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137-39, n.19.

Stern Engineering is not "at home" in Delaware. As Plaintiff has acknowledged in its Complaint, Stern Engineering is not incorporated in Delaware, nor does it have its principal place of business in Delaware. *See* Complaint ¶ 2 ("Stern is an Israeli corporation with its headquarters in Israel."). In fact, Stern Engineering has no business locations in the state of Delaware. Stern Decl. ¶¶ 5, 7.

Additionally, "exceptional " circumstances do not exist here to justify the exercise of general jurisdiction over Stern Engineering in Delaware. *See Daimler*, 571 U.S. at 137-39 n.19. In

---

[2] Although the Complaint's bare and conclusory nature spares this Court of the need to parse any distinction between the statutory and constitutional inquiries, Stern Engineering preserves its right to challenge the Complaint under the long-arm statute and the Due Process Clause should any amendment to the pleadings or evidentiary submission materially change the Plaintiff's jurisdictional case.

the three paragraphs that pertain to general jurisdiction of Stern Engineering in Delaware, Plaintiff only alleges that Stern Engineering "have conducted and continue to conduct substantial business in Delaware….[and] offer numerous products for sale in Delaware…. [and] have committed and continue to commit acts of patent infringement…in Delaware and the United States." Complaint ¶¶ 7-9. Plaintiff cites to no evidence supporting these allegations. This "bare formulaic accusation" is insufficient to establish jurisdiction under the Delaware long-arm statue and the Due Process Clause. *AFTG-TG*, 689 F.3d at 1365. Moreover, both the Supreme Court and this Court have rejected the idea that general jurisdiction may be exercised over a foreign corporation "under a 'doing business' theory." *E.I. du Pont de Nemours*, 335 F. Supp. 3d at 668 n.10 (citing *Daimler*, 571 U.S. at 135-36).

The remaining allegations in the Complaint, which are directed to Stern Engineering's activities in New York, likewise do not establish general jurisdiction in Delaware. Complaint ¶ 17. Thus, Stern Engineering is not "at home" in Delaware, and the exercise of general jurisdiction is improper. *See Daimler*, 571 U.S. at 137-39.

> **B.     This Court Lacks Specific Jurisdiction over Stern Engineering**

Specific jurisdiction depends on the relationship between the forum and the underlying controversy. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). For a court to exercise specific jurisdiction consistent with due process, the plaintiff's cause of action must arise from the defendant's activities "purposefully directed" to the forum. *See Burger King*, 471 U.S. at 472. Specific jurisdiction is only constitutionally permissible when the cause of action stems from or relates to the defendant's contact with the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). A "defendant's suit-related conduct must create a substantial connection with the forum" and must not be based on "random, fortuitous, or attenuated contacts [the defendant] makes by interacting with other persons affiliated with the

10

State." *Walden*, 571 U.S. at 284, 286 (internal quotations omitted). Rather, plaintiffs must at least point to specific infringing activity indicating that the defendants expressly aimed their allegedly infringing conduct at the forum.[3] *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007).

Here, Plaintiff has not alleged any contacts by Stern Engineering related to this action that satisfy the specific-jurisdiction prongs of the Delaware long-arm statute or otherwise create a substantial connection with this forum. Paragraphs 7-9 of the Complaint provide only conclusory and broad statements that Stern Engineering "conducted and continue to conduct substantial business in Delaware….[and] offer numerous products for sale in Delaware…. [and] have committed and continue to commit acts of patent infringement…in Delaware and the United States." Complaint ¶¶ 7-9. Plaintiff cites to no evidence supporting any of these statements. However, Plaintiff is able to cite to three separate exhibits that show Stern Engineering participated in a trade show, not in Delaware, but in New York. Complaint at Exhibits E-G. Plaintiff's

---

[3] Plaintiffs' allegations regarding website "offers" and YouTube "promot[ions] are of no moment, whether or not such online materials are available in Delaware or elsewhere in the United States:

> It is not enough, however, to show that the infringing product appeared for sale on a website that is accessible in the United States. The plaintiff must also show that U.S. residents were able to purchase the product through the website, and that the offer was in some way directed at U.S. residents. *See Baden Sports, Inc. v. Molten*, 2008 U.S. Dist. LEXIS 119688 at *2 (W.D. Wash. Jan. 29, 2008) (Japanese company did not make an offer to sell within the United States by advertising infringing product on the English version of its website because there was no indication that U.S. consumers could purchase the product through the website); *cf. Gallup, Inc. v. Bus. Research Bureau (Pvt.) Ltd.*, 688 F. Supp. 2d 915, 922 (N.D. Cal. 2010) (rejecting "the overbroad and improper conclusion" that the Lanham Act could reach" any website accessible to users in the United States over the Internet"); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (for purposes of personal jurisdiction analysis, foreign person does not purposefully direct conduct at the United States simply by operating a passive website that is accessible in the United States).

*Sound N Light Animatronics Co. v. Cloud b, Inc.*, 2016 U.S. Dist. LEXIS 167982, at *12-13 (C.D. Cal. Nov. 10, 2016).

boilerplate recitations, as they relate to Delaware, are insufficient to support this Court's exercise of specific jurisdiction. *Arunachalam*, 2021 WL 7209362. Accordingly, the Complaint also does not support this Court's exercise of specific jurisdiction over Stern Engineering.

## II. RULE 4(K)(2) DOES NOT PROVIDE AN ALTERNATIVE BASIS OF JURISDICTION OVER STERN ENGINEERING

While the pleading does not on its face allege jurisdiction under Rule 4(k)(2) – and, in fact, pleads allegations that run directly contrary to an application of Rule 4(k)(2) – even were Bobrick to attempt rely on it in opposition to this motion, such reliance would fail in the face of Bobrick's own allegations. The federal long-arm statute also does not provide a basis for exercising personal jurisdiction over Stern Engineering. Rule 4(k)(2) expands the due process inquiry to examine the foreign defendant's contacts with the United States as a whole, not just the forum state. *Synthes*, 563 F.3d at 1296; *TriDinetworks Ltd. v. NXP USA, Inc.*, 2020 WL 2220152, at *3 (D. Del. May 7, 2020).

However, enlarging the jurisdictional inquiry from Delaware to the United States does not help Plaintiff establish personal jurisdiction over Stern Engineering because Rule 4(k)(2) only allows for "a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) ***the defendant is not subject to jurisdiction in any state's courts of general jurisdiction***, and (3) the exercise of jurisdiction comports with due process." *M-I Drilling Fluids*, 890 F.3d at 999 (citations omitted) (emphasis added). Rule 4(k)(2) was enacted by the 1993 amendments to the Federal Rules in order to "close[] a loophole" that existed when a foreign defendant had sufficient contacts with the United States to justify the exercise of jurisdiction but lacked sufficient contacts with any single state to satisfy a state long-arm statute or the due process constraints of the Fourteenth Amendment. *Synthes*, 563 F.3d at 1296 (citations omitted).

Here, Plaintiff is unable to meet the requirements of the second prong: "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." As to this prong, the Federal Circuit has adopted a burden-shifting mechanism, such that "if the [foreign] defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Boston Scientific Corp. v. Micro-Tech Endoscopy USA, Inc.*, 2020 U.S. Dist. LEXIS 7330, at *14-15 (D. Del. Jan. 15, 2020) (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012)). As discussed previously, Plaintiff has already asserted general jurisdiction over Stern Engineering when it originally filed the California Complaint. California Complaint ¶ 5. Additionally in this case's Complaint, Plaintiff alleges specific infringing conduct by Stern Engineering in New York, not Delaware. Complaint ¶ 17 ("Stern attends and offers its products, including the Accused Products, at trade shows in the U.S., including recently at the 2024 Boutique Design New York (BDNY), a trade show for boutique design and where hotel designers and architects connect with suppliers."); *see also* Complaint at Exhibits E-G. In taking each fact stated in the complaint as true, Plaintiff itself has identified a different state, other than Delaware, where suit is possible against Stern Engineering, alleging that Stern Engineering offered products, including the "Accused Products ... at the 2024 Boutique Design New York (BDNY)." Thus, having pleaded alleged infringing conduct in New York, Rule 4(k)(2) is inapplicable here in Delaware. *See Elecs. for Imaging*, 340 F.3d at 1349 ("In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiffs complaint as true and resolve any factual conflicts in the affidavits in the plaintiffs favor."). Accordingly, Plaintiff's allegations in the Complaint fail to support this Court's exercise of personal jurisdiction over Stern Engineering under Federal Rule of Civil Procedure 4(k)(2).

### III. THE COURT SHOULD DENY ANY REQUEST FOR JURISDICTIONAL DISCOVERY

To the extent Plaintiff requests jurisdictional discovery, such request should be denied because Plaintiff has failed to present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." *inno360*, 50 F. Supp. 3d at 596-97 (internal quotations and alterations omitted)); *LivePerson, Inc. v. NextCard, LLC*, 2009 WL 742617, at *5 (D. Del. 2009) (denying jurisdictional discovery where plaintiff relied on "bald and speculative assertion[s]"). Plaintiffs should not be entitled to "undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

### CONCLUSION

For the foregoing reasons, Stern Engineering respectfully requests that the Court dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated: June 9, 2025

OF COUNSEL:

Adam P. Samansky
Peter J. Cuomo
Amanda R. Metell
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC**
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
apsamansky@mintz.com
pjcuomo@mintz.com
ametell@mintz.com

**CHIPMAN BROWN CICERO & COLE, LLP**

 /s/ Gregory E. Stuhlman
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com

*Attorneys for Defendants Y.Stern Engineering (1989) Ltd., a/k/a Stern Engineering Ltd., a/k/a Stern Engineering 1989, a/k/a Stern Faucets, and Barantec, Inc.*

4932-0201-6076, v. 3