# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> Y.STERN ENGINEERING (1989) LTD., A/K/A STERN ENGINEERING LTD., A/K/A STERN ENGINEERING 1989, A/K/A STERN FAUCETS, an Israeli Corporation, BARANTEC, INC., a Delaware Corporation, and DOES 1-9, <br><br> Defendants. | C.A. No. 1:25cv376 <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT STERN ENGINEERING'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Dated: July 18, 2025

| | |
|---|---|
| OF COUNSEL: <br><br> Adam P. Samansky <br> Peter J. Cuomo <br> Amanda R. Metell <br> **MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC** <br> One Financial Center <br> Boston, Massachusetts 02111 <br> Phone: (617) 542-6000 <br> Fax: (617) 542-2241 <br> apsamansky@mintz.com <br> pjcuomo@mintz.com <br> ametell@mintz.com | **CHIPMAN BROWN CICERO & COLE, LLP** <br> Joseph B. Cicero (#4388) <br> Gregory E. Stuhlman (#4765) <br> Hercules Plaza <br> 1313 North Market Street, Suite 5400 <br> Wilmington, Delaware 19801 <br> (302) 295-0191 <br> cicero@chipmanbrown.com <br> stuhlman@chipmanbrown.com <br><br> *Attorneys for Defendants Y.Stern Engineering (1989) Ltd., a/k/a Stern Engineering Ltd., a/k/a Stern Engineering 1989, a/k/a Stern Faucets, and Barantec, Inc.* |

## **TABLE OF CONTENTS**

Page

I.  INTRODUCTION .................................................................................................................1

    A.  This Court Lacks Personal Jurisdiction Over Stern Engineering ............................1

        1.  Stern Engineering is not subject to jurisdiction under Rule 4(k)(2) ............1

            i.  Specific jurisdiction in New York precludes application of Rule Rule 4(k)(2). ......................................................................2

            ii.  The third element of Rule 4(k)(2) also fails because exercising jurisdiction over Stern Engineering violates due process ...............................................................................................4

        2.  Stern Engineering is not subject to specific jurisdiction under an agency theory ................................................................................6

            i.  There does not exist an agency relationship between Stern Engineering and Barantec of the kind that could warrant jurisdiction ............................................................6

            ii.  Even assuming statutory jurisdiction, due process forecloses jurisdiction over Stern Engineering ...............................8

    B.  Jurisdictional Discovery Should Be Denied ............................................................8

II.  CONCLUSION ....................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Biosystems Inc. v. Cruachem, Ltd.*,
  772 F. Supp. 1458 (D. Del. 1991) ................................................................................ 6

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
  480 U.S. 102 (1987) ..................................................................................................... 5

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994) ...................................................................................... 5

*Bodine Elec. Co. v. Int'l Research & Dev. Corp.*,
  1993 U.S. Dist. LEXIS 5514 (N.D. Ill. Apr. 23, 1993) ................................................ 7

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ..................................................................................................... 4

*Consol. Rail Corp. v. Providence & Worcester Co.*,
  540 F. Supp. 1210 (D. Del. 1982) ................................................................................ 3

*Donald M. Durkin Contracting, Inc. v. City of Newark*,
  2006 U.S. Dist. LEXIS 68221 (D. Del. Sep. 22, 2006) ............................................... 2

*E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*,
  335 F. Supp. 3d 657 (D. Del. 2018) ............................................................................. 6

*Finjan LLC v. Trustwave Holdings, Inc.*,
  2021 WL 5051147 (D. Del. Oct. 29, 2021) ................................................................. 7

*inno360, Inc. v. Zakta, LLC*,
  50 F. Supp. 3d 587 (D. Del. 2014) ............................................................................... 8

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ..................................................................................................... 1

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012) .................................................................................... 3

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*,
  890 F.3d 995 (Fed. Cir. 2018) ...................................................................................... 4

*Parilla v. IAP Worldwide Services, VI, Inc.*,
  368 F.3d 269 (3d Cir. 2004) .................................................................................................. 3

*Robert Bosch LLC v. Alberee Prods., Inc.*,
  70 F. Supp. 3d 665 (D. Del. 2014) ......................................................................................... 7

*Telcordia Techs., Inc. v. Alcatel S.A.*,
  2005 U.S. Dist. LEXIS 10194 (D. Del. May 27, 2005) ..................................................
  ............................................................................................................................................ 7, 8

*Touchcom, Inc. v. Bereskin & Parr*,
  574 F.3d 1403 (Fed. Cir. 2009) ..................................................................................... 2, 3, 4

*Univ. of Mass. v. L'Oréal S.A.*,
  36 F.4th 1374 (Fed. Cir. 2022) ............................................................................................... 9

**Statutes**

10 Del. C. § 3104 ........................................................................................................................ 7

**Rules**

Rule 4(k)(2) ..................................................................................................................... *passim*

**I.  INTRODUCTION**

Plaintiff's opposition, like its deficient Complaint, (D.I. 1, hereinafter the "Complaint"), fails to support this Court's exercise of personal jurisdiction over Y.Stern Engineering (1989) Ltd. ("Stern Engineering"), an Israeli company with no connection to Delaware or the alleged acts of infringement. In its opposition, Plaintiff introduces new, legally irrelevant facts—such as website content implying an agency—that are entirely absent from the Complaint. And even if accepted as true, these facts do not establish a basis for personal jurisdiction. Nearly the entirety of Plaintiff's argument now rests on Rule 4(k)(2) of the Federal Rules of Civil Procedure, a theory not pled in the Complaint and foreclosed by Plaintiff's own allegations of specific jurisdiction in both California and New York. If the facts alleged by Plaintiff established personal jurisdiction, every foreign entity whose products are sold within the United States by a third party would be subject to personal jurisdiction in this Court. That has never been the law, nor can it be. As such, Stern Engineering respectfully requests that the Court grant its motion to dismiss and deny Plaintiff's request for jurisdictional discovery.

**A.   This Court Lacks Personal Jurisdiction Over Stern Engineering**

Plaintiff's opposition, like its Complaint, fails to establish a prima facie case for personal jurisdiction. Rather than defend the jurisdictional theories originally pled, Plaintiff pivots to Rule 4(k)(2) and, in a final attempt to salvage its position, asserts an agency relationship between Stern Engineering and Barantec, a Delaware corporation. But Plaintiff's factual allegations mischaracterize the nature of that relationship, and its legal arguments fall well short of demonstrating the "minimum contacts" required to hale a foreign defendant into this Court. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Each of Plaintiff's theories is unsupported by law or fact—and this Court should reject them accordingly.

1

1.  **Stern Engineering is not subject to jurisdiction under Rule 4(k)(2)**

As a preliminary matter, Plaintiff initially filed a patent infringement complaint against Stern Engineering in California, asserting general jurisdiction and specific jurisdiction. Less than two months later, Plaintiff voluntarily dismissed the California action and filed the current complaint against Stern Engineering in Delaware, this time appearing to plead a mélange of allegations, again attempting to plead both general and specific jurisdiction. Now faced with a motion to dismiss, Plaintiff has shifted its position once again, abandoning any theory of specific jurisdiction and seeks to rely on an unpleaded theory of Rule 4(k)(2) jurisdiction and that Barantec is an "agent" of Stern Engineering.

i.  **Specific jurisdiction in New York precludes application of Rule 4(k)(2).**

Personal jurisdiction under Rule 4(k)(2) is defeated "when the defendant…designates a suitable forum in which the plaintiff could have brought suit." *MediaZam LLC v. Voices.Com, Inc.*, 2022 U.S. Dist. LEXIS 61319, at *6-7 (E.D. Wis. Mar. 31, 2022), quoting *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009).

Plaintiff's allegations in the Complaint are incompatible with Rule 4(k)(2), because Plaintiff alleges specific activities by Stern Engineering in another state (New York). Complaint ¶ 17 ("Stern attends and offers its products, including the Accused Products, at trade shows in the U.S., including recently at the 2024 Boutique Design New York (BDNY), a trade show for boutique design and where hotel designers and architects connect with suppliers."); *see also* Complaint at Exhibits E-G. "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Donald M. Durkin Contracting, Inc. v. City of Newark*, No. 04-163 GMS, 2006 U.S. Dist. LEXIS 68221, at *17-18 (D. Del. Sep. 22, 2006) (internal quotations omitted). Facts that have been judicially admitted are

2

binding to the parties. *See, e.g., Parilla v. IAP Worldwide Services, VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) (internal citations omitted); *see also Consol. Rail Corp. v. Providence & Worcester Co.*, 540 F. Supp. 1210, 1220 n.12 (D. Del. 1982) (finding that an admission in a pleading is a judicial admission, which is binding on the litigant). As a result, Plaintiff's allegations that Stern Engineering is subject to specific jurisdiction in New York are binding. And for the purposes of this case only, Stern Engineering concedes that it would have been subject to specific jurisdiction in New York: the forum where jurisdiction would have been proper at the time of filing. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012).

Plaintiff's assertion that "If the Court accepts Stern's position that Stern can refuse to designate a suitable forum and simply point to Plaintiff's allegations that the Defendant had contacts with New York to defeat personal jurisdiction under Rule 4(k)(2), such a ruling would effectively eliminate personal jurisdiction under Rule 4(k)(2) altogether" makes absolutely no sense. For one, as stated previously, Stern Engineering has not refused to identify a suitable form: New York. Second, Plaintiff turns Rule 4(k)(2) on its head. This Rule was designed to fill jurisdictional gaps—not to facilitate forum shopping. Rule 4(k)(2) was enacted to ensure that federal claims have a proper U.S. forum in which they can be brought if sufficient national contacts exist, even if a non-resident defendant does not have "minimum contacts" with any one individual state sufficient to support the exercise of jurisdiction. *See Touchcom,* 574 F.3d at 1414.

Plaintiff's reliance on *Touchcom* is misplaced. That decision does not stand for the proposition that the only way to identify an available forum under Rule 4(k)(2) is through informal email exchanges between counsel. *See Touchcom*, 574 F.3d at 1415. As Stern Engineering's counsel previously made clear, "it is plaintiff's burden to establish personal jurisdiction over all defendants *ab initio*. [Stern Engineering is] not obligated to engage in a back-and-forth exchange

3

of contentions with respect to jurisdiction at this time." D.I. 25-7 at 3. Plaintiff may not shift that burden by mischaracterizing the procedural expectations outlined in *Touchcom*. Regardless though, having designated a suitable forum in which plaintiff could have brought suit (New York), and in which Plaintiff itself alleged acts to establish specific jurisdiction, thus, element two of Rule 4(k)(2) fails. *See Touchcom*, 574 F.3d at 1415 ("the defendant is afforded the opportunity to avoid the application of the rule only when it designates a suitable forum in which the plaintiff could have brought suit...."). Here, Stern Engineering has done just that, ending the Rule 4(k)(2) inquiry.

> ii. **The third element of Rule 4(k)(2) also fails because exercising jurisdiction over Stern Engineering violates due process**

Even if the second element of Rule 4(k)(2) was satisfied so that Stern Engineering has "minimum contacts" with the United States to support the exercise of personal jurisdiction,[1] the applicability of Rule 4(k)(2) also fails at the third element which requires that the exercise of jurisdiction over the defendant comport with due process. *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*, 890 F.3d 995, 1000 (Fed. Cir. 2018). This due process inquiry in turn requires showing that the defendant (1) has minimum contacts with the forum and (2) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice, evaluated under the five factors set forth in *Burger King*. *Id.* at 1000-1002 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

The five *Burger King* factors are: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in efficient resolution; and (5) the shared interest of the states in furthering substantive policies. *Burger King*, 471 U.S. at 477. Each of these weighs against jurisdiction here.

---

[1] For the avoidance of doubt, Stern Engineering still asserts that such minimum contacts do not exist, and thus the Rule 4(k)(2) analysis fails at the second element.

First, Plaintiff's insistence on involving Stern Engineering in this U.S. patent infringement case—an entity where all personnel live in Israel—is both unduly burdensome and harassing. The judicial system's interest in efficient resolution is better served by limiting the case to parties with actual contacts in Delaware. And the entity that sold, offered for sale and imported the accused product into the United States is a party to this action and is subject to general jurisdiction in this Court. Second, this Court will adjudicate Plaintiff's claims either way because Barantec will remain as a party. Third, Plaintiff should have little interest in keeping Stern Engineering in this case because it can seek relief solely from Barantec. For the same reasons, the interstate judicial system's interests are satisfied without Stern Engineering's presence in this case. And there is no compelling interest of the United States or any state in haling a foreign manufacturer into court where that party's alleged infringing conduct occurred entirely outside the forum (and outside the United States).

For the avoidance of doubt, even if Plaintiff were attempting to invoke a stream-of-commerce theory, its allegations fall short of the constitutional threshold. Justices of the Supreme Court have opined that mere placement of a product into the stream of commerce is not enough; there must be "something more" to indicate that the defendant purposefully directed its conduct toward the forum state. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 111 (1987); *but cf. Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (holding that because defendants purposefully shipped the accused fan into Virginia through an established distribution channel, both placement into the stream of commerce and "something more" was satisfied). However, here, Plaintiff does not offer *any* evidence that Stern Engineering targeted Delaware specifically—no advertising, marketing, or customer service directed at the

5

forum. The absence of such forum-specific conduct defeats any attempt to establish personal jurisdiction under a stream-of-commerce theory.

### 2. Stern Engineering is not subject to specific jurisdiction under an agency theory

In its opposition, Plaintiff relies on *Applied Biosystems* to argue that agency theory may apply to the relationship between two subsidiaries wholly owned by the same parent corporation. However, this reliance is misplaced. In *Applied Biosystems*, the court expressly *rejected* the proposition that Plaintiff advances here—namely, that the existence of an agency relationship with a Delaware corporation, standing alone, is sufficient to establish personal jurisdiction. *Applied Biosystems Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1464 (D. Del. 1991). As this Court made clear, "[j]urisdiction over a nonresident must be affirmatively grounded in some specific statute or rule… No statute exists, however, which permits Delaware courts to exercise personal jurisdiction over a nonresident principal based on the mere existence of a limited agency relationship with a Delaware corporation as agent." *Id.* at 1465.

### i. There does not exist an agency relationship between Stern Engineering and Barantec of the kind that could warrant jurisdiction

Yet, merely proving the existence of a limited agency relationship is precisely what Plaintiff attempts to do. As this Court has noted, this type of "agency" theory "has been analyzed in multiple cases in the parent-subsidiary context." *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 670 (D. Del. 2018). To establish personal jurisdiction on this basis, Plaintiffs must show that the "parent corporation dominates and controls its subsidiary," analyzing such factors as "[1] the extent of overlap of officers and directors, [2] methods of financing, [3] the division of responsibility for day-to-day management, and [4] the process by which each corporation obtains its business." *Id.* at 677; *see also Telcordia Techs., Inc. v. Alcatel S.A.*, 2005

U.S. Dist. LEXIS 10194, at *8 (D. Del. May 27, 2005). Plaintiffs make no attempt to demonstrate or even assess these factors, which weigh heavily in Stern Engineering's favor. Declaration of Mariela Yuffe Auerbach ("Auerbach Decl.") ¶¶ 2-5 (stating that (1) no officer or director at Stern Engineering is employed at Barantec, (2) Stern Engineering and Barantec do not share methods of financing, (3) Stern Engineering does not control the day-to-day management of Barantec, and (4) Stern Engineering does not obtain business for Barantec); *Telcordia*, 2005 U.S. Dist. LEXIS 10194, at *11 (granting motion to dismiss because "Telcordia has not carried its burden" on these factors).

Plaintiff points to a purported limited agency relationship between Stern Engineering and Barantec but fails to substantiate how this relationship satisfies the requirements of Delaware's long-arm statute, 10 Del. C. § 3104. Plaintiff notes that Stern Engineering owns at least 10% of Barantec, and that Fimi – Stern Limited Partnership holds at least 10% ownership in both entities. D.I. 24 ("Opposition") at 15. However, Plaintiff makes no effort to explain how such ownership interests establish an agency relationship, let alone how they support the assertion that Stern and Barantec are "two arms of the same business group." *See Robert Bosch LLC v. Alberee Prods., Inc.*, 70 F. Supp. 3d 665, 679 (D. Del. 2014) (internal quotation omitted).

Plaintiff's reliance on Stern Engineering's website and the employee LinkedIn profiles is insufficient to establish the requirements under 10 Del. C. § 3104.[2] Even accepting these

---

[2] Plaintiff's opposition improperly relies on new factual allegations that do not appear in the Complaint, including LinkedIn profiles, shipping records, and correspondence between counsel. These materials cannot cure the jurisdictional deficiencies in the pleadings. *See Bodine Elec. Co. v. Int'l Research & Dev. Corp.*, No. 92 C 8389, 1993 U.S. Dist. LEXIS 5514, at *3 (N.D. Ill. Apr. 23, 1993) (granting a motion to dismiss for lack of personal jurisdiction because "Plaintiff's jurisdictional assertions by affidavit and in their Memorandum in Opposition cannot cure [a jurisdictional] defect. We have repeatedly held that, on a motion to dismiss, the court may not supplement the complaint by relying on expanded statements in the party's briefs or other documents."). The Court should disregard these new allegations and evaluate jurisdiction based solely on the Complaint.

allegations as true, they fall far too short of demonstrating the type dominating control required of Stern Engineering over Barantec. *See Finjan LLC v. Trustwave Holdings, Inc.*, 2021 U.S. Dist. LEXIS 210217, at *32-33 (D. Del. Oct. 29, 2021) (finding that "a close corporate relationship" between a foreign parent and a U.S. subsidiary "does not demonstrate an agency relationship"). Moreover, Plaintiff incorrectly claims that Stern exclusively uses Barantec to import and sell the Accused Products in the United States. In reality, Barantec is not solely dedicated to distributing Stern's products, nor is Stern exclusively supplying products to Barantec. In fact, Stern Engineering sells its products to multiple entities across the United States. Auerbach Decl. ¶ 7.

        **ii.**       **Even assuming statutory jurisdiction, due process forecloses jurisdiction over Stern Engineering**

Even, assuming *arguendo*, that this Court finds jurisdiction proper under Delaware's long-arm statute, exercising personal jurisdiction over Stern Engineering would nonetheless violate the due process clause of the Fourteenth Amendment. Stern Engineering has no physical presence in Delaware—no offices, manufacturing or assembly facilities, distributors, sales operations, addresses, or telephone numbers. Auerbach Decl. ¶ 9. It has never attended a trade show in Delaware, nor has it paid taxes in the state. *Id.* at ¶ 10.

Plaintiff's assertion that Stern Engineering "purposefully shipped infringing products into Delaware through an established distribution channel using its subsidiary," Opposition at 17, is unsupported by the record. In fact, none of Stern Engineering's sales of the Accused Products even occurred in Delaware. *Id.* at ¶ 11. This alone defeats Plaintiff's attempt to establish the requisite minimum contacts necessary for personal jurisdiction.

### B. Jurisdictional Discovery Should Be Denied

Additionally, Plaintiff has not established with reasonable particularity the possible existence of the requisite contacts needed to obtain jurisdictional discovery. *See inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 596-97 (D. Del. 2014); see also *Telcordia*, 2005 U.S. Dist. LEXIS 10194, at *26-27. Instead, Plaintiff points to baseless claims between the business relationship between Stern Engineering and Barantec, that are legally insufficient to support the exercise of personal jurisdiction. *Cf. Univ. of Mass. v. L'Oréal S.A.*, 36 F.4th 1374, 1385 (Fed. Cir. 2022) (concluding jurisdictional discovery was warranted when plaintiff "put forward evidence buttressing" the foreign defendant's involvement in research and development and the foreign defendant "did not specifically deny allegations that it developed and licensed the relevant technology to" the U.S. subsidiary). Stern Engineering does not "orchestrate[] the supply chain of the Accused Products into the United States." Opposition at 19. And Stern Engineering certainly does not have an exclusive relationship with Barantec, where Barantec is the sole seller of the Accused Products in the United States. Auerbach Decl. ¶¶ 6-7. Just as Plaintiff's Complaint falls short, so too does their opposition brief. This Court should not permit Plaintiff to continue their improper allegations against Stern Engineering.

## II. CONCLUSION

For the foregoing reasons, Stern Engineering respectfully requests that the Court grant its Motion to Dismiss.

| | |
|---|---|
| Dated: July 18, 2025 | **CHIPMAN BROWN CICERO & COLE, LLP** |
| | /s/ *Gregory E. Stuhlman* |
| OF COUNSEL: | Joseph B. Cicero (#4388) |
| | Gregory E. Stuhlman (#4765) |
| Adam P. Samansky | Hercules Plaza |
| Peter J. Cuomo | 1313 North Market Street, Suite 5400 |
| Amanda R. Metell | Wilmington, Delaware 19801 |
| **MINTZ LEVIN COHN FERRIS** | (302) 295-0191 |
| **GLOVSKY & POPEO PC** | cicero@chipmanbrown.com |
| One Financial Center | stuhlman@chipmanbrown.com |
| Boston, Massachusetts 02111 | |
| Phone: (617) 542-6000 | *Attorneys for Defendants Y.Stern Engineering* |
| Fax: (617) 542-2241 | *(1989) Ltd., a/k/a Stern Engineering Ltd.,* |
| apsamansky@mintz.com | *a/k/a Stern Engineering 1989, a/k/a Stern* |
| pjcuomo@mintz.com | *Faucets, and Barantec, Inc.* |
| ametell@mintz.com | |

10